**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1760
_____

TASHI GYAMTSO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-586-979)
Immigration Judge: Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2011
Before:  RENDELL, CHAGARES AND ALDISERT, Circuit Judges

(Opinion filed: August 1, 2011 )

_____

OPINION
_____

PER CURIAM

Gyamtso Tashi petitions for review of an order of the Board of Immigration

Appeals ("BIA" or "Board") denying his motion to reopen.  For the reasons that follow,

we will grant the petition for review and remand the case for further proceedings

consistent with this opinion.

I.

Gyamtso entered the United States in November 2003, presenting himself as Ngawang Bhutia, an Indian citizen with a valid Indian passport and B-1 tourist visa. Less than a year later, Gyamtso filed an application for asylum, claiming that his Indian passport and tourist visa were obtained by fraud and that he was Tashi Gyamtso, a Tibetan native and citizen of the People's Republic of China seeking refuge in the United States. He alleged that he fled to India from Tibet with his wife and three children because he was persecuted for advocating freedom of religion and freedom from Chinese rule.

In November 2004, the Department of Homeland Security ("DHS") issued a Notice to Appear, charging Gyamtso with being subject to removal under Immigration and Nationality Act § 237(a)(1)(A), for arriving in the United States without an immigrant visa or other valid travel documents. Gyamtso admitted the charges and conceded removability. In December 2005, following an administrative hearing, the Immigration Judge ("IJ") denied Gyamtso's applications for relief and ordered him removed to India. The IJ made an adverse credibility ruling based on discrepancies between Gyamtso's hearing testimony and his supplementary I-589 statement. He also determined that Gyamtso was an Indian citizen based on the authentic Indian passport, and also because he failed to prove his identity as a Tibetan native and citizen of China.

The BIA adopted and affirmed the IJ's decision and dismissed the appeal. Gyamtso filed a timely petition for review of that determination, which we denied. See

2

Gyamtso v. Att'y Gen., 296 F. App'x 235 (3d Cir. 2008). In doing so, we affirmed the agency's adverse credibility determination. We also concluded that substantial evidence supported the agency's finding that Gyamtso is a citizen of India, which was dispositive of Gyamtso's asylum claim.

In May 2010, Gyamtso, through counsel, filed with the BIA a motion to reopen the proceedings. Gyamtso acknowledged that his motion was untimely, but argued the existence of changed country conditions in Tibet since he was ordered removed, and also the existence of previously unavailable, material evidence, demonstrating that he is native of Tibet and citizen of China. (See Administrative Record ("A.R.") at 17-18, 20-21.) The evidence included: 1) an arrest warrant for Gyamtso dated August 7, 2001; 2) a December 2005 letter from the Tibetan Welfare office stating that Gyamtso "is a bonafide Tibetan resident;" 3) the affidavit of Gyamtso's wife describing events occurring in 2001; 4) a January 2010 letter from the Lithang Welfare Association of Brooklyn, New York, asserting that Gyamtso "is a bonafide Tibetan;" 5) four statements from individuals claiming that Gyamtso is a Tibetan; 6) Gyamtso's affidavit; 7) the U.S. Department of State's 2008 Human Rights Report on China; and 8) two articles describing current conditions in Tibet. (Id. at 44-148.)

The BIA denied the motion. The Board first stated that despite Gyamtso's continued protestation that he a Tibetan native and Chinese citizen, this Court previously concluded that substantial evidence supported the agency's determination that he is a citizen of India. (Id. at 3-4.) The Board then determined that the evidence that Gyamtso

3

presented concerning his claimed identity was either previously available, or could not be authenticated. (Id.) Finally, the Board stated that Gyamtso's purported evidence of changed country conditions in Tibet, which included the 2008 Human Rights Report, failed to demonstrate changed circumstances in China which would "materially affect" Gyamtso's eligibility for asylum or withholding of removal. (Id.) Gyamtso, proceeding pro se, filed a timely petition for review.

## II.

In order to succeed on a motion to reopen, an alien must, among other things, establish a prima facie case for the relief sought. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). We review the BIA's denial of such a motion under an abuse of discretion standard. Id. at 562. Under that standard, the BIA's decision warrants reversal only if it is arbitrary, irrational, or contrary to law. Id.

Generally, a motion to reopen must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. See 8 C.F.R. § 1003.2(c)( 2). In addition, petitioners are typically barred from filing more than one motion to reopen. Id. However, the time and numerical limitations do not apply to motions to reopen to apply or reapply for asylum or withholding of removal based on changed circumstances arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding. See 8 C.F.R. § 1003.2(c)(3)(ii).

4

III.

As mentioned, Gyamtso admitted that his motion was untimely, but filed it pursuant to § 1003.2(c)(3)(ii). However, the Board does not appear to have reviewed Gyamtso's motion pursuant to the requirements of that regulation.

Instead, for reasons which are unclear, the Board analyzed whether the evidence that Gyamtso's presented with his motion demonstrated changed conditions in China, rather than in India, the country to which he was ordered removed. The Board also reviewed whether Gyamtso's purported new evidence regarding his claimed identity provided a sufficient basis for reopening, determining that it did not because the evidence was previously available or could not be authenticated. However, the question of Gyamtso's citizenship was settled previously and, in any event, that information does not appear to speak to the requirements of § 1003.2(c)(3)(ii).

For those reasons, we will grant the petition for review and remand the case for further proceedings consistent with this opinion. We express no opinion as to the ultimate outcome of the case.